IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

NELSON HARRIS                                                                                                          PLAINTIFF

v.                                                      NO. 3:07CV00156 JLH

THE BILCO COMPANY                                                                                              DEFENDANT

## OPINION AND ORDER

Nelson Harris commenced this action in the Circuit Court of Crittenden County, Arkansas, against The Bilco Company under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §§ 16-123-101 *et seq.*, alleging race discrimination. After Bilco removed the action to this Court based on diversity of citizenship, Bilco filed a motion for summary judgment. For the following reasons, the motion for summary judgment is denied.

**I.**

A court should enter summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When a nonmoving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. If the moving party meets this burden, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348,

Case 3:07-cv-00156-JLH   Document 27   Filed 10/03/08   Page 2 of 7

1356, 89 L. Ed. 2d 538 (1986) (quoting FED. R. CIV. P. 56(e)).  A genuine issue for trial exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.  In deciding a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party and draws all inferences in his favor, mindful that summary judgment seldom should be granted in discrimination cases where claims are often based on inferences.  *Peterson v. Scott County*, 406 F.3d 515, 520 (8th Cir. 2005); *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1099 (8th Cir. 2000) (collecting cases).  *But see Bainbridge v. Loffredo Gardens, Inc.*, 378 F.3d 756, 762 (8th Cir. 2004) (Arnold, J., dissenting).

## II.

In August 2006, Nelson Harris, who is an African-American, was assigned to work through an employment agency, Staffmark, at Bilco's manufacturing plant in Trumann, Arkansas.  Harris was a temporary employee at Bilco from August 16, 2006, through September 26, 2006.  Harris's position was not intended to become permanent.  After failing to appear for work on two consecutive days, Harris was terminated.  Harris has testified that he missed work because he was interviewing for permanent jobs and that he obtained permission from his supervisor and the plant manager to miss work for the purpose of attending job interviews on those two days.

Harris initially worked as a helper to a machine operator in the fabrication department, where his supervisor was Gordon Bond.  He transferred to the warehouse, worked there for about two weeks, and then returned to the fabrication department.

Bilco generally hires temporary employees rather than permanent employees to accommodate production fluctuations.  Bilco's contract with Staffmark provides that if Bilco hires a Staffmark employee before 520 billable hours have been worked Bilco will pay to Staffmark a conversion fee as a penalty.  Bilco tries to fill openings from within the company when possible.  Bilco will

occasionally hire a temporary employee assigned to it from Staffmark based on that employee's experience and Bilco's needs, even where Bilco has to pay the conversion fee. Applications may be submitted by anyone, must be filled out in person, and are kept on file with Bilco for three months.

Harris's complaint against Bilco is that Bilco hired Randy Kelly, who is white, instead of Harris in a permanent position as a machine operator.[1] Kelly began as a temporary employee on August 10, 2006, six days before Harris began. Bilco hired Kelly in the permanent position on September 5, 2006. According to Harris, the plant manager had promised to hire him for the position that went to Kelly if that position came open.

### III.

The Supreme Court of Arkansas looks to federal decisions for persuasive authority when considering claims under the Arkansas Civil Rights Act. *Island v. Buena Vista Resort*, 352 Ark. 548, 556-57, 103 S.W.3d 671, 675 (2003). The Supreme Court of Arkansas has adopted the three-step analytical framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *See Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 571, 11 S.W.3d 531, 537 (2000). Direct evidence is evidence showing a "specific link between the [alleged] discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated" the adverse employment action. *Id*. at 572 n.3, 11 S.W.3d at 538 (quoting *Thomas v. First Nat'l Bank of Wynne*, 11 F.3d 64, 66 (8th Cir. 1997)). Here,

---

[1] Harris's complaint was broader, but he has conceded all of his allegations except his claim that Bilco engaged in race discrimination by hiring Kelly rather than him.

Harris arguably has offered no direct evidence that would meet this standard.[2]  Thus, Harris must carry the initial burden of establishing a prima facie case.

If a plaintiff lacks direct evidence of unlawful discrimination, the *McDonnell Douglas* analysis may be used.  "Under this test, the burden of persuasion never leaves the plaintiff, but there is a shift in the burden to come forward with evidence: (1) the plaintiff must present a prima facie case consisting of four distinct elements; (2) the defendant must rebut the prima facie case by showing nondiscriminatory reasons for termination; and (3) the plaintiff must show the reasons are pretextual."  *Flentje*, 340 Ark. at 571, 11 S.W.3d at 537.

To establish a prima facie case of racial discrimination for a failure to promote, a plaintiff must establish the following four elements: (1) that he was a member of a protected group; (2) that he was qualified and applied for an available position; (3) that he was rejected; and (4) that a similarly qualified employee, not part of a protected group, was promoted instead.  *Rose-Maston v. NME Hospitals, Inc.*, 133 F.3d 1104, 1109 (8th Cir. 1998).  Bilco does not dispute the first and third elements.  Harris is a member of a protected class – he is African-American – and he was denied the position that he sought.  Although Bilco denies that Harris was qualified and therefore denies that Kelly was "similarly qualified," Harris has offered evidence to the contrary.  First, Harris has testified that he was promised the job by the plant manager, which is evidence that he was qualified.  Second, in an interrogatory answer, Bilco has stated, "There are no educational or prior work experience requirements for any non-supervisory position at Defendant's Trumann facility."  Third, Harris had prior experience as a machine operator at another manufacturing plant.  Finally, Kelly had

---

[2] Harris has offered some evidence that the person who decided to hire Kelly instead of him had made racially derogatory remarks in the past.  He did not show a "specific link" between those remarks and the adverse employment decision.  These remarks will be considered along with other evidence to show pretext.  *See infra* p. 6.

worked at Bilco as a temporary employee only six days longer than Harris, which is inadequate to show that his qualifications were materially different from Harris's.

When a plaintiff has established a prima facie case,

> the burden of production shifts at the second stage to the defendant, who must articulate some legitimate, nondiscriminatory reason for the adverse employment action. If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted and "drops from the case." The burden then shifts back at the third and final stage to the plaintiff, who is given the opportunity to show that the employer's proffered reason was merely a pretext for discrimination. The plaintiff retains at all times the ultimate burden of persuading the trier of fact that the adverse employment action was motivated by intentional discrimination.

*Rothmeier v. Investment Advisers, Inc.*, 85 F.3d 1328, 1332 (8th Cir. 1996) (citations omitted); *see also Flentje*, 340 Ark. at 570-71, 11 S.W.3d at 537.

Harris had worked in the fabrication department for only a few days when Kelly was hired as the permanent machine operator. Harris has testified that, during those few days as a machine helper, the machine operator informally showed him how the machine worked. Harris then transferred to the warehouse. Bilco hired Kelly as the permanent machine operator on September 5, 2006, before Harris had transferred back from the warehouse to fabrication. At the time Kelly was hired as a permanent machine operator, he had worked for Bilco as a temporary employee since August 10, 2006, six days longer than Harris. Hence, Bilco has articulated a legitimate, nondiscriminatory reason for declining to hire Harris in the permanent position of machine operator – Kelly was a slightly more experienced applicant. *See Arraleh v. County of Ramsey*, 461 F.3d 967, 975 (8th Cir. 2006) ("[The burden to articulate a legitimate, nondiscriminatory reason] is not onerous, nor does the explanation need to be demonstrated by a preponderance of the evidence."). The burden therefore shifts back to Harris to show that Bilco's proffered reason was merely a pretext for discrimination.

5

Harris has offered evidence that Bilco's legitimate, nondiscriminatory reason for hiring Kelly instead of him is a pretext.  First, Bilco now says that Harris was not qualified for the position of machine operator, but Harris has presented evidence that the plant manager considered him to be qualified.  *Cf. Kobrin v. Univ. of Minn.*, 34 F.3d 698, 703 (8th Cir. 1994) (substantial changes over time in the employer's proffered reason for an employment decision support a finding of pretext).  Moreover, Bilco has stated in an interrogatory answer that it has no educational or prior work experience requirements for non-supervisory positions.  Second, Harris has presented evidence that Bilco has a history of hiring very few African-Americans and that those few have been subjected to persistent racially derogatory remarks despite complaints to the supervisors.  *Cf. Anderson v. Genuine Parts Co., Inc.*, 128 F.3d 1267, 1272 (8th Cir. 1997) (an employer's past discriminatory practice may show that an employer's asserted reasons for disparate treatment are a pretext for discrimination); *Madel v. FCI Marketing, Inc.*, 116 F.3d 1247, 1252 (8th Cir. 1997) (evidence of a corporate atmosphere hostile to a protected group can, with sufficient other evidence of pretext, support a reasonable inference of discrimination); *Ryther v. KARE 11*, 108 F.3d 832, 842 (8th Cir. 1997) (en banc) (same).  Third, Harris has presented evidence that the supervisor who made the decision to hire Kelly rather than him has in the past made racially derogatory remarks to the effect that black people are lazy and worthless, and this same supervisor has continued to tolerate racially derogatory remarks by persons under his supervision.  *Cf. Stacks v. Southwestern Bell Yellow Pages, Inc.*, 27 F.3d 1316, 1324 (8th Cir. 1994) (even comments not made during the decisionmaking process may support an inference that an illegitimate criterion was a motivating factor in the adverse employment decision).

Harris has presented evidence sufficient to create a genuine issue of fact on the ultimate issue of whether race was a motivating factor in Bilco's decision to hire Kelly rather than Harris for the

permanent position of machine operator.  *Cf. Satz v. ITT Financial Corp.*, 619 F.2d 738, 745-46 (8th Cir. 1980).  Therefore, summary judgment will be denied.

## CONCLUSION

Harris has conceded all of his claims except his claim of racial discrimination in the decision to hire Kelly rather than him as a machine operator.  There is a genuine issue of material fact as to whether race was a motivating factor in that employment decision.  Therefore, Bilco's motion for summary judgment is DENIED.  Document #13.

IT IS SO ORDERED this 3rd day of October, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE