**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

NELSON HARRIS                                                                                       PLAINTIFF

v.                                               No. 3:07CV00156 JLH

THE BILCO COMPANY                                                                           DEFENDANT

**OPINION AND ORDER**

Nelson Harris brought this action for employment discrimination in Crittenden County Circuit Court against The Bilco Company, and then removed it to this court based on diversity jurisdiction. 28 U.S.C. § 1441; 28 U.S.C. § 1332. Bilco has moved to exclude three types of evidence at trial: statistical evidence regarding the population surrounding its facility; evidence regarding alleged unrelated discriminatory remarks and acts by Bilco; and Harris's testimony regarding the reasons his assignment was terminated. Harris has responded to the motion, and for the following reasons the motion is denied.

Bilco argues that statistical evidence about the number of African-American employees and the African-American population in counties near its facilities should be excluded because the information is "indefinite and incomplete," that it is not probative of intentional discrimination, and that its relevance is outweighed by its prejudicial effect. Bilco points out that the statistical evidence Harris intends to present is not sufficient to prove a prima facie case of employment discrimination. *O'Neal v. Riceland Foods*, 684 F.2d 577, 580 (8th Cir. 1982); *Miller v. Weber*, 577 F.2d 75, 77 (8th Cir. 1978). However, such statistical evidence can be relevant to a plaintiff's case, especially when considered alongside other evidence. *Bogren v. Minnesota*, 236 F.3d 399, 406 (8th Cir. 2000). The demographic evidence of the African-American population in Poinsett County, Craighead County, and Mississippi County is relevant with respect to the population employed at Bilco. Bilco may use

the information about the demographics of Greene County to put the probative value of this evidence into context. While the population statistics of these counties may not have great probative value, the danger of a prejudicial effect of such evidence does not outweigh its probative value. FED. R. EVID. 403. Therefore, Bilco's motion to exclude demographic evidence about the populations of Poinsett County, Craighead County, and Mississippi County is denied.

Bilco also argues that the deposition testimony from a previous lawsuit filed by another Bilco employee, John Chappell, and any testimony Chappell would provide about past discrimination he allegedly suffered at should be excluded. Bilco says the testimony is irrelevant because it involves a time period before Harris worked at Bilco and does not directly involve Harris's cause of action. However, the Eighth Circuit has said that "'because an employer's past discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination, this evidence should normally be freely admitted at trial.'" *Phillip v. ANR Freight Systems, Inc.*, 945 F.2d 1054, 1056 (8th Cir. 1991) (quoting *Hawkins v. Hennepin Technical Center*, 900 F.2d 153, 154 (8th Cir. 1990). "[T]he admission of such 'background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive.'" *Id.* (quoting *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1103 (8th Cir. 1988)). John Chappell's testimony about any discrimination he allegedly experienced at Bilco is relevant because it provides background from an employee about what he perceived as discriminatory practices at Bilco. The facts that his lawsuit was dismissed and that he testified that the discrimination has not continued since can be used by Bilco to counter Harris's use of the testimony, but those facts do not provide a reason to exclude Chappell's testimony on the whole. Chappell's testimony is relevant and its probative value is not outweighed by a danger of

undue prejudice or misleading the jury.  FED. R. EVID. 402; FED R. EVID. 403.  Bilco's motion to exclude Chappell's testimony is denied.

Finally, Bilco argues that Harris should not be allowed to testify regarding the reasons his temporary assignment to Bilco was terminated.  Bilco argues that since that termination is not the reason for the suit, Bilco's request to the temporary employment agency to terminate Harris's assignment is irrelevant.  In *Denesha v. Farmers Ins. Exchange*, 161 F.3d 491 (8th Cir. 1998), the Eighth Circuit observed that the "district court correctly stated that a jury in assessing whether an employer's proffered reasons for the adverse employment action constitute pretext and whether there was intentional discrimination may consider the employer's conduct throughout the employee's tenure with the company." *Id.* at 500.  Harris's testimony about Bilco's request to end his temporary assignment is relevant because it occurred while he was working there and reflects something about Bilco's treatment of him during that time.  Such information should not be excluded simply because it does not provide the basis for this lawsuit.  It is relevant and its probative value is not outweighed by a danger of confusing the jury.  FED. R. EVID. 402; FED. R. EVID. 403.  Bilco's motion to exclude Harris's testimony about Bilco's request for his temporary assignment to be terminated is denied.

## CONCLUSION

For the reasons listed above, Bilco's motion in limine is DENIED.  Document #34.

IT IS SO ORDERED this 30th day of April, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE